# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

Kim Blandino,

          Petitioner

v.

Joseph Lombardo, et al.,

          Respondents

Case No. 2:20-cv-00248-JAD-DJA

**Order Dismissing Petition**

    Petitioner Kim Blandino brings this *pro se* habeas corpus petition, along with what he has styled as an emergency motion to stay.[1] The court dismisses the petition without prejudice and denies the motion because Blandino has not yet presented his claims to the highest Nevada state court.

    Blandino, a pretrial detainee, represents that the state district court has ordered that he be transferred for mental health treatment in order to restore his competency.[2] Blandino states that under Nevada law, as well as under a consent decree, the state must transfer him within seven days of the issuance of the court order. He claims that, in his case, that means that he must be transferred by February 5, 2020, but that he has discovered that he will not be moved until "well past" February 8. He alleges that this is a violation of the timeline set forth in a consent decree, though he also states that the state district court order in his case does not set a deadline for his transfer. At the same time, he appears to argue that the state district court erred in concluding that he needs evaluation and treatment and is a danger to himself and others. Blandino also notes that he has stand-by counsel in his state proceedings.

    As Blandino has been advised in previous actions, a federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies

---

[1] ECF Nos. 1, 2.

[2] ECF No. 1 at 16–17.

1

for all claims raised.³  A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition.⁴  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.⁵

Brandino's commitment order is dated January 29, 2020.⁶  The court takes judicial notice of the fact that Blandino did not first exhaust his state-court remedies.  Accordingly, this federal petition is dismissed without prejudice.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice for failure to exhaust state remedies, and a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motion for stay **[ECF No. 2] is DENIED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to ENTER JUDGMENT accordingly and close this case.

DATED: February 6, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

³ *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).

⁴ *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995).

⁵ *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

⁶ ECF No. 1 at 29–31.